

U.S. Department of Justice

*United States Attorney*
*District of New Jersey*

---

970 Broad Street, 7th floor    973-645-2700
Newark, New Jersey 07102

STB/PL AGR
2024R00388

November 1, 2024

Maria Delgaizo Noto, Esq.
Noto & Washburne, PC
746 Highway 34, Suite 8
Matawan, NJ 07747
m.notolaw@gmail.com

      Re:    <u>Plea Agreement with Luis Gamboa Serrano</u>

Dear Counsel:

      This letter sets forth the plea agreement between your client, Luis Gamboa Serrano, and the United States Attorney for the District of New Jersey ("this Office"). This offer will expire on November 22, 2024, if it is not accepted in writing by that date. If Gamboa Serrano does not accept this plea agreement, his sentencing exposure could increase beyond what is discussed in this plea agreement as a result of this Office's investigation.

Charge

      Conditioned on the understandings specified below, this Office will accept a guilty plea from Gamboa Serrano to an Information, which charges Gamboa Serrano with possession with intent to distribute a quantity of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) and 18 U.S.C. § 2. If Gamboa Serrano enters a guilty plea and is sentenced on this charge and otherwise fully complies with this agreement, this Office will not initiate any further criminal charges against Gamboa Serrano for conspiring to distribute, distributing, or possessing with intent to distribute controlled substances between on or around February 29, 2024, to on or around April 26, 2024.

      But if a guilty plea in this matter is not entered for any reason or a guilty plea or judgment of conviction entered in accordance with this agreement does not remain in full force and effect, this Office may reinstate any dismissed charges and initiate any other charges against Gamboa Serrano even if the applicable statute of limitations period for those charges expires after Gamboa

Serrano signs this agreement, and Gamboa Serrano agrees not to assert that any such charges are time-barred.

Sentencing

The violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) to which Gamboa Serrano agrees to plead guilty in the Information carries a statutory maximum prison sentence of 20 years and a statutory maximum fine equal to the greatest of (1) ~~$250,000~~ [$1,000,000 handwritten], or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, ~~or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offenses~~. The prison sentence may run consecutively to any prison sentence Gamboa Serrano is serving or is ordered to serve. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Gamboa Serrano is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. Those Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what Guidelines range may be found by the sentencing judge, or as to what sentence Gamboa Serrano ultimately will receive.

Further, in addition to imposing any other penalty on Gamboa Serrano, the sentencing judge as part of the sentence:

(1) will order Gamboa Serrano to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

(2) must order forfeiture, pursuant to 21 U.S.C. § 853;

(3) may deny Gamboa Serrano certain statutorily defined benefits, pursuant to 21 U.S.C. §§ 862 and 862a; and

(4) pursuant to 21 U.S.C. § 841, must require Gamboa Serrano to serve a term of supervised release of at least 3 years on each count, which will begin at the expiration of any term of imprisonment imposed. Should Gamboa Serrano be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Gamboa Serrano may be sentenced to not more than 2 years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set

forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Forfeiture

U.S.C. § 853, Gamboa Serrano agrees to forfeit to the United States any and all property constituting or derived from any proceeds Gamboa Serrano obtained, directly or indirectly, as the result of the violations charged in the Superseding Information, and all of Gamboa Serrano's right, title, and interest in any property that was used or intended to be used, in any manner or part, to commit, and to facilitate the commission of, the violations charged in the Superseding Information.

Gamboa Serrano further agrees that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists; entitling the United States to forfeit substitute assets equal to the value of the proceeds obtained by Gamboa Serrano (the "Money Judgment"). Gamboa Serrano consents to the entry of an order requiring Gamboa Serrano to pay the Money Judgment and agrees that such Order will be final as to Gamboa Serrano prior to sentencing, pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, and which may be satisfied in whole or in part with substitute assets. Any forfeited money and the net proceeds from the sale of forfeited specific property will be applied to the Money Judgment, in partial satisfaction thereof.

All payments made in full or partial satisfaction of the Money Judgment shall be made by postal money order, bank, or certified check, made payable in this instance to the United States Marshals Service, indicating Gamboa Serrano's full name and case number on the face of the check; and shall be delivered by mail to the United States Attorney's Office, District of New Jersey, Attn: Asset Recovery and Money Laundering Unit, 970 Broad Street, 7th Floor, Newark, New Jersey 07102. Gamboa Serrano further agrees that the United States Attorney's Office may conduct any discovery needed to identify, locate, or dispose of property sufficient to pay the Money Judgment in full or in connection with any petitions filed with regard to proceeds or substitute assets, including depositions, interrogatories, and requests for production of documents, and the issuance of subpoenas.

Gamboa Serrano waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Pursuant to Fed. R. Crim. P. 32.2(b)(4), Gamboa Serrano consents to the entry of an order of forfeiture that, in the Office's discretion, may be final as to Gamboa Serrano prior to the sentencing. Gamboa Serrano understands that criminal forfeiture pursuant to 21 U.S.C. § 853 is part of the sentence that may be imposed in this case and waives any failure by

the court to advise Gamboa Serrano of this pursuant to Fed. R. Crim. P. 11(b)(1)(J) at the guilty plea proceeding. Gamboa Serrano further understands that Gamboa Serrano has no right to demand that any forfeiture of Gamboa Serrano's assets be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon Gamboa Serrano in addition to forfeiture.

Gamboa Serrano further agrees that, not later than the date Gamboa Serrano enters the guilty plea, Gamboa Serrano will provide a complete and accurate Financial Disclosure Statement on the form provided by this Office. If Gamboa Serrano fails to do so, or if this Office determines that Gamboa Serrano has intentionally failed to disclose assets on the Financial Disclosure Statement, that failure constitutes a material breach of this agreement, and this Office reserves the right, regardless of any agreement or stipulation that might otherwise apply, to oppose any downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, and to seek leave of the Court to withdraw from this agreement or seek other relief.

## Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office may take any position with respect to the appropriate sentence to be imposed on Gamboa Serrano by the sentencing judge. This Office may also correct any misstatements relating to the sentencing proceedings and provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. And this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Gamboa Serrano's activities and relevant conduct with respect to this case.

## Stipulations

This Office and Gamboa Serrano will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations. Nor do these stipulations restrict the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind this Office. A

determination that a Schedule A stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

## Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A and the paragraph below, this Office and Gamboa Serrano waive certain rights to appeal, collaterally attack, or otherwise challenge the judgment of conviction or sentence.

## Immigration Consequences

Gamboa Serrano understands that, if Gamboa Serrano is not a citizen of the United States, Gamboa Serrano's guilty plea to the charged offense will likely result in Gamboa Serrano being subject to immigration proceedings and removed from the United States by making Gamboa Serrano deportable, excludable, or inadmissible, or ending Gamboa Serrano's naturalization. Gamboa Serrano understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Gamboa Serrano wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause Gamboa Serrano's removal from the United States. Gamboa Serrano understands that Gamboa Serrano is bound by this guilty plea regardless of any immigration consequences. Accordingly, Gamboa Serrano waives any right to challenge the guilty plea, sentence, or both based on any immigration consequences. Gamboa Serrano also agrees not to seek to withdraw this guilty plea, or to file a direct appeal, or any kind of collateral attack challenging the guilty plea, conviction, or sentence, based on any immigration consequences of the guilty plea or sentence.

## Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. If requested to do so, however, this Office will bring this agreement to the attention of other prosecuting offices.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Gamboa Serrano. So this agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against him.

No provision of this agreement shall preclude Gamboa Serrano from pursuing in an appropriate forum, when permitted by law, a claim that he received constitutionally ineffective assistance of counsel.

No Other Promises

This agreement constitutes the entire plea agreement between Gamboa Serrano and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PHILIP R. SELLINGER
United States Attorney

By: Sam Thypin-Bermeo
Assistant U.S. Attorney

APPROVED:

Samantha C. Fasanello
Chief, OCDETF/Narcotics Unit

      I have received this letter from my attorney, Maria Delgaizo Noto, Esq. It has been translated for me into Spanish. My attorney and I have reviewed and discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, and immigration consequences. I understand this letter fully and am satisfied with my counsel's explanations. I accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____  Date: 01/10/2025
Luis Gamboa Serrano

      I have reviewed and discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____  Date: 1-10-2025
Maria Delgaizo Noto, Esq.
Counsel for Defendant

## Plea Agreement with Luis Gamboa Serrano

### Schedule A

1. This Office and Luis Gamboa Serrano recognize that the United States Sentencing Guidelines do not bind the sentencing judge. Each party nevertheless agrees to these stipulations.

2. The version of the Guidelines effective November 1, 2023, applies in this case.

3. The applicable guideline is U.S.S.G. § 2D1.1(c)(3). This guideline carries a Base Offense Level of 34 because the offense involved approximately 10,570.893 grams of fentanyl.

4. Gamboa Serrano is entitled to a three-level reduction under U.S.S.G. § 2D1.1(a)(5).

5. Whether Gamboa Serrano satisfies the criteria prescribed by 18 U.S.C. § 3553(f)(1) and U.S.S.G. § 5C1.2(a)(1) is yet to be determined.

6. Within the meaning of 18 U.S.C. § 3553(f)(2) and U.S.S.G. § 5C1.2(a)(2), Gamboa Serrano did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense.

7. Within the meaning of 18 U.S.C. § 3553(f)(3) and U.S.S.G. § 5C1.2(a)(3), the offense did not result in death or serious bodily injury to any person.

8. Within the meaning of 18 U.S.C. § 3553(f)(4) and U.S.S.G. § 5C1.2(a)(4), Gamboa Serrano was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the Sentencing Guidelines and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848.

9. Whether, within the meaning of 18 U.S.C. § 3553(f)(5) and U.S.S.G. § 5C1.2(a)(5), Gamboa Serrano has truthfully provided to the Government, no later than the time of the sentencing hearing, all information and evidence he has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, is yet to be determined.

10. Within the meaning of U.S.S.G. § 3B1.2, Gamboa Serrano's participation in the charged offense was greater than that of a minimal participant but less than that of a minor participant, and thus an additional downward adjustment of 3 levels is appropriate.

11.     As of the date of this letter, Gamboa Serrano has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in Gamboa Serrano's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) Gamboa Serrano enters a plea pursuant to this agreement, (b) this Office, in its discretion, determines that Gamboa Serrano's acceptance of responsibility has continued through the date of sentencing and Gamboa Serrano therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) Gamboa Serrano's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

12.     If, at the time of sentencing, the Court determines that Gamboa Serrano meets the criteria set forth in the safety valve provisions in U.S.S.G §§ 5C1.2(a)(1)-(5), this Office will move for a 2-level downward adjustment pursuant to U.S.S.G. § 2D1.1(b)(18).

13.     If Gamboa Serrano establishes at sentencing that he both has no criminal history points and meets the other criteria in U.S.S.G. § 4C1.1, he will be entitled to a further 2-level reduction in his offense level. *See* U.S.S.G. § 4C1.1(a).

14.     Accordingly, the parties agree that, depending upon the sentencing Court's resolution of the open Guidelines issues noted above, the total offense level (the "Total Offense Level") applicable to Gamboa Serrano is:

> a. if the Court finds that Gamboa Serrano meets the criteria in U.S.S.G §§ 5C1.2(a)(1)-(5), Gamboa Serrano will be entitled to a 2-level reduction of his offense level pursuant to U.S.S.G. § 2D1.1(b)(18), with the result that the total Guidelines offense level applicable to Gamboa Serrano will be 23;
>
> b. if the Court finds that Gamboa Serrano meets the criteria set forth in U.S.S.G. § 4C1.1, Gamboa Serrano will be entitled to a 2-level reduction of his offense level, with the result that the total Guidelines offense level applicable to Gamboa Serrano will be 23;
>
> c. if paragraphs 14(a) and (b) both apply, the total Guidelines offense level applicable to Gamboa Serrano will be 21; and
>
> d. if neither paragraph 14(a) nor (b) applies, the total Guidelines offense level applicable to Gamboa Serrano will be 25 (collectively, the "Total Offense Level").

15. The parties agree not to advocate for any upward or downward adjustment or departure from the Guidelines range resulting from (a) the Total Offense Level and (b) the criminal history category that the sentencing judge applies under Chapter 4 of the Guidelines without any departure or variance. But each party may seek a variance from that Guidelines range, which the other party may oppose.

16. If the term of imprisonment does not exceed 71 months, and except as specified in the next paragraph below, Gamboa Serrano will not challenge or seek to reduce by any means any component of the sentence imposed by the sentencing judge for any reason other than ineffective assistance of counsel. The term "any means" includes a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(B) or (c)(2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), and any other appeal, motion, petition, or writ, however captioned, that seeks to attack or modify any component of the sentence. If the term of imprisonment is at least 37 months, this Office will not challenge by appeal, motion, or writ any component of the sentence imposed by the sentencing judge. The provisions of this paragraph bind the parties even if the sentencing judge employs a Guidelines analysis different from the one above.

17. Both parties reserve the right to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph or any other provision of this plea agreement. Moreover, the preceding paragraph does not apply to:

    (a)    Any proceeding to revoke the term of supervised release.

    (b)    A motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).

    (c)    An appeal from the denial of a § 3582(c)(1)(A) motion on the grounds that the court erred in finding no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).